UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CRAIG CONNOCK,

        Plaintiff,

   v.

U.S. POSTAL SERVICE,

        Defendant.

22-CV-262-LJV
DECISION & ORDER

---

On March 14, 2022, the *pro se* plaintiff, Craig Connock, commenced this action in the Town of Amherst Justice Court, Small Claims Part, against the defendant, the U.S. Postal Service (the "USPS"). Docket Item 1 at 1, 7-8.[1] He alleges that he paid the USPS "for 2[-]day shipping of a registered . . . check" but that the check arrived "12 days later." *Id.* at 7. On April 4, 2022, the USPS removed the action to this Court under 28 U.S.C. § 1346(b)(1). *Id.* at 1-2.

Two days later, the USPS moved to dismiss the case, arguing that Connock failed to submit the required administrative claim and that the USPS cannot be held liable for late-delivered mail. *See* Docket Item 2. This Court set a briefing schedule, Docket Item 3, and when Connock failed to respond to the motion to dismiss, it ordered him to show cause why the motion to dismiss should not be decided based only on the USPS's papers, Docket Item 4. The deadline for responding to that order has passed

---

[1] Although Connock's small claims notice does not state a cause of action, *see* Docket Item 1 at 7-11, this Court construes his claim as brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*

without any response, so the Court now decides the motion to dismiss based only on the USPS's papers.

For the following reasons, the USPS's motion to dismiss is granted.

## BACKGROUND[2]

On February 24, 2022, Connock "[p]aid [the USPS] for 2[-]day shipping of a registered $16,000 check to Oklahoma," but "[t]he check arrived 12 days later." Docket Item 1 at 7. So on March 14, 2022, Connock filed a small claims notice against the USPS in the Town of Amherst Justice Court, Small Claims Part, seeking $555 in damages: the cost of his "rental car" ("$50/day") multiplied by 10 (the number of days the check was late), plus $55 for the cost of the 2-day shipping. *Id.* at 7-8. On April 4, 2022, the USPS removed the action to this Court. *Id.* at 1-2. It then moved to dismiss, Docket Item 2, and Connock failed to respond as noted above.

## LEGAL STANDARD

A court "properly dismisses an action under [Federal Rule of Civil Procedure] 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "A plaintiff asserting subject matter

---

[2] On a motion to dismiss, the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). The following facts are taken from the USPS's notice of removal, Docket Item 1, which includes a copy of Connock's small claims notice, *id.* at 7-11.

2

jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Collins v. United States*, 996 F.3d 102, 108 (2d Cir. 2021) (quoting *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016)).

## **DISCUSSION**

The USPS argues that this Court lacks subject matter jurisdiction—and that Connock's claim must therefore be dismissed—for two reasons. First, it says that it is immune from "claims relating to late[-]delivered mail" under the "postal matter exception." Docket Item 2-1 at 5 (capitalization omitted) (citing 28 U.S.C. § 2680(b)). Second, it says that Connock has failed to exhaust his administrative remedies. *Id.* at 3-5. This Court agrees with both arguments.

### I. POSTAL MATTER EXCEPTION

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). This immunity extends to the USPS. *Przespo v. U.S. Post Off.*, 177 F. Supp. 3d 793, 796 (W.D.N.Y. 2016) (citing *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006)).

"[T]he Postal Reorganization Act generally waives the immunity of the [USPS] from suit by giving it the power to sue and be sued in its official name." *Dolan*, 546 U.S. at 484 (citations and internal quotation marks omitted). But under the "postal matter exception," 28 U.S.C. § 2680(b), "immunity is retained 'for injuries arising . . . because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address.'" *Kuhner v. Montauk Post Off.*, 2013 WL 1343653, at *2 (E.D.N.Y. Apr. 4, 2013) (quoting *Dolan*, 546 U.S. at 489).

3

The USPS correctly argues that this Court does not have subject matter jurisdiction because Connock's claims "concern the alleged failure to timely deliver registered mail." Docket Item 2-1 at 5. Connock's claims therefore are dismissed for lack of subject matter jurisdiction.[3]

## II. EXHAUSTION

Another "limited waiver of sovereign immunity is provided by the FTCA, which allows for a tort suit against the United States under specified circumstances." *Cooke*, 918 F.3d at 81 (citation and internal quotation marks omitted). "But the waiver is subject to a jurisdictional prerequisite: a tort action 'shall not be instituted against the United States for money damages unless the claimant shall have first presented the claim to the appropriate Federal agency' for its review." *Collins*, 996 F.3d at 109 (alterations and emphasis omitted) (quoting 28 U.S.C. § 2675(a)). "Further, an FTCA action 'shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency.'" *Id.* (quoting 28 U.S.C. § 2675(b)).

"[T]o satisfy the law's jurisdictional requirement[,] a presentment 'must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims.'" *Id.* at 111 (quoting *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)). So a claimant "must provide enough information to

---

[3] It may seem anomalous to remove a case to federal court—which requires the district court to have original subject matter jurisdiction, *see* 28 U.S.C. § 1441(a)— and then move to dismiss for lack of subject matter jurisdiction. But at least one other court in the same situation dismissed the relevant action rather than remanding it to state court. *See Przespo*, 177 F. Supp. 3d at 796-97 (applying the postal matter exception and dismissing for lack of subject matter jurisdiction an action that the USPS had removed to federal court). Because the postal matter exception bars Connock's claims in any court, this Court dismisses the action as a matter of judicial economy.

permit the agency to conduct an investigation and to estimate the claim's worth" and cannot simply offer "conclusory statements which afford the agency involved no reasonable opportunity to investigate." *Romulus*, 160 F.3d at 132.  Moreover, a claimant cannot presume that the appropriate federal agency has received his or her notice of claim; instead, the claimant must "show actual receipt" of a notice of claim to "satisfy the FTCA's presentment requirement."  *Cooke*, 918 F.3d at 82.

Connock has not alleged that he filed an administrative tort claim with the USPS. *See* Docket Item 1 at 7-11.  In fact, the USPS has submitted a declaration from one of its employees attesting that it has no record of any administrative claim "filed by or on behalf of" Connock.  Docket Item 2-2 at ¶¶ 4, 6.  And Connock has not responded to that declaration or otherwise contested any of the arguments in the USPS's motion to dismiss.  *See* Docket Items 3 and 4.

Connock therefore has not satisfied the FTCA's presentment requirement, and his claims are dismissed for that reason as well.  *See Feng Liu v. DiCarlo*, 2021 WL 22738, at *2-3 (S.D.N.Y. Jan. 4, 2021) (dismissing FTCA claim where the relevant agency "ha[d] no record of ever receiving [the claimant's] complaint"); *see also Cooke*, 918 F.3d at 79-82.

## **CONCLUSION**

For the reasons stated above, the USPS's motion to dismiss, Docket Item 2, is GRANTED.  The Clerk of the Court shall close the case.

SO ORDERED.

Dated:   January 10, 2023
            Buffalo, New York

                                                */s/ Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE